UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| DONNA BROERS, | No. 1:16-CV-03155-JTR |
|---|---|
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney D. James Tree represents Donna Broers (Plaintiff); Special Assistant United States Attorney Michael S. Howard represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 3. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits (DIB) on March 12, 2013, Tr. 210, alleging disability since January 4, 2012, Tr. 191, due to right shin numbness, hypertension, bilateral carpal tunnel, neck pain, back pain, gastroesophageal reflux disease (GERD), and left shoulder pain. Tr. 221. The applications were denied initially and upon reconsideration. Tr. 111-122. Administrative Law Judge (ALJ) Tom L. Morris held a hearing on January 27, 2015 and heard testimony from Plaintiff and vocational expert, Kimberly Mullinax. Tr. 37-86. The ALJ issued an unfavorable decision on March 9, 2015. Tr. 20-32. The Appeals Council denied review on June 30, 2016. Tr. 1-7. The ALJ's March 9, 2015 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 25, 2016. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 46 years old at the alleged date of onset. Tr. 191. Plaintiff completed the twelfth grade in 1983 and received her nursing assistant certificate in 1989. Tr. 222. She last worked as a unit secretary in the medical field and reported that she stopped working on January 4, 2012 because she was laid off. Tr. 213, 222-223. Plaintiff received unemployment benefits in the second, third, and fourth quarters of 2012 and the first and second quarters of 2013. Tr. 201-203.[1] At the hearing, Plaintiff reported that her last unemployment check was either the end of May 2013 or June 2013. Tr. 46.

---

[1]The unemployment query was ran on August 23, 2013 and did not include any information after the second quarter of 2013. Tr. 200-203.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a)(4). If the claimant

cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

The ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 4, 2012, the alleged date of onset. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, status post reconstructive surgery of weight bearing joint, and obesity. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 25.

At step four, the ALJ assessed Plaintiff's residual function capacity as follows:

> the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk for a total of about two hours in an eight-hour workday. The claimant can sit for a total of six hours in an eight-hour workday. She can occasionally stoop, kneel, crouch, crawl and climb ramps and stairs. The claimant should never climb ladders, ropes or scaffolds. She is limited to occasional overhead reaching bilaterally. The claimant should avoid concentrated exposure to extreme heat, vibration and hazards such as dangerous machinery and unprotected heights. She will periodically alternate sitting with standing, which can be accomplished by any work task requiring such shifts or can be done in either position

> temporarily or longer. The claimant will require on additional 10-minute break without having to leave the work area.

Tr. 25. The ALJ identified Plaintiff's past relevant work as medical secretary and concluded that Plaintiff was able to perform this work. Tr. 30.

As an alternative to a step four denial, the ALJ found that at step five, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of furniture rental consultant, storage facility rental clerk, and cashier II. Tr. 31. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged date of onset, January 4, 2012, through the date of the his decision, March 9, 2015. Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical opinions; (2) failing to properly address Plaintiff's overhead reaching at steps four and five, and (3) failing to properly consider the reliability of Plaintiff's alleged symptoms.

## DISCUSSION

### A. Medical Opinions

Plaintiff challenges the weight the ALJ assigned to the opinions of Silvia Labes, M.D., Dave Atteberry, M.D., and Drew Stevick, M.D. ECF No. 14 at 6-17.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more

weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-831.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

**1.    Silvia Labes, M.D.**

Plaintiff challenges how the ALJ treated both of Dr. Labes' opinions. ECF No. 14 at 6-13.

On August 12, 2013, Dr. Labes completed a Medical Report form stating that she had been treating Plaintiff for ten years. Tr. 419. She opined that Plaintiff had to lie down for a couple of hours during the day. *Id.* She opined that Plaintiff

was in too much pain to work, but that once she was rehabilitated she would be able to work with a modified schedule for awhile. Tr. 420. She stated that if Plaintiff were employed for a forty-hour work week, she would likely miss four or more days a month on average. *Id*. She opined that these limitations were present since the beginning of 2013. *Id*. The ALJ gave this opinion little weight because (1) whether or not a claimant is disabled is an issue reserved for the Commissioner, (2) Dr. Labes did not provide a function-by function assessment, (3) the opinion was primarily based on Plaintiff's unreliable self-reports, (4) Plaintiff continued working at her past job despite the obesity and back and neck problems, (5) Plaintiff received unemployment benefits during 2013, and (6) Dr. Labes was influenced by Plaintiff's situation and a desire to help her. Tr. 29-30.

As an overview, all of the reasons provided by the ALJ were conclusory in manner and lacked the explanation required under *Embrey*. 849 F.2d at 421-422 (The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct."); *see also Garrison v. Colvin*, 759 F.3d 995, 1012-1013 (9th Cir. 2014) (Where an ALJ "rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion," he errs).

Specifically, the first reason provided by the ALJ, that whether or not a claimant is disabled is an issue reserved for the Commissioner, is not a legally sufficient to reject Dr. Labes' opinion. The ALJ is accurate that whether or not a claimant is disabled in an issue reserved for the Commissioner and is, therefore, not a medical opinion and not due any special significance. 20 C.F.R. § 404.1527(d). However, Dr. Labes' opinion as to the frequency of breaks and missed work are functional opinions that qualify as a medical opinion. *See* 20 C.F.R. § 404.1527(a)(2) (2016) ("Medical opinions are statements from physicians

and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions.");[2] s*ee also Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (a treating physician's statement that the claimant would be "unlikely" to work full time was not a conclusory statement like those described in 20 C.F.R. § 404.1527(d).).

The ALJ's second reason, that Dr. Labes failed to provide a function-by-function opinion, is not legally sufficient. Considering the regulations' definition of a medical opinion, *see supra*, and that the opinion in question included Dr. Labes' judgment regarding the nature and severity of Plaintiff's impairments and provided some insight into what she could and could not do functionally, the fact that the opinion did not include a head-to-toe analysis of functioning is also irrelevant when assigning weight.

The ALJ's third reason, that the opinion was primarily based on Plaintiff's unreliable self-reports, is also not legally sufficient. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, the ALJ must provide the basis for his conclusion that the opinion was based on a claimant's self-reports. *Ghanim v. Colvin*, 763 F.3d

---

[2]On March 27, 2017, 20 C.F.R. § 404.1527 was amended and the definition of a medical opinion now appears in 20 C.F.R. § 404.1513(a)(2) as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the abilities" listed in the proceeding section, which includes limitations in both physical and mental demands of work. *See* 20 C.F.R. § 404.1513(a)(2)(i)(A) through (D) and (a)(2)(ii)(A) through (F).

1154, 1162 (9th Cir. 2014). In this case, the ALJ provided no such basis.

The ALJ's fourth reason, that Plaintiff continued working at her past job despite the obesity and back and neck problems, is also not legally sufficient. Dr. Labes' opinion is clearly for 2013 as she stated that Plaintiff had other limitations in the past, "but to this degree, since beginning 2013." Tr. 420. Plaintiff's employment ended in January of 2012. Tr. 222. As such, there is no substantial evidence to support the ALJ's assertion that Plaintiff's ability to work a year prior was somehow inconsistent with Dr. Labes' opinion.

The ALJ's fifth reason, that Plaintiff received unemployment benefits during 2013, is also not legally sufficient. The Ninth Circuit has recognized that continued receipt of unemployment benefits can cast doubt on a claimant's claim of disability, as it shows a claimant holding herself out as capable of working for the purposes of unemployment benefits but simultaneously holding herself out as incapable of working for the purposes of disability benefits. *Ghanim*, 763 F.3d at 1165. However, there is no inconsistency between a claimant filing for unemployment benefits, i.e. the claimant holding herself out as capable of work, and a medical provider finding a claimant unable to work. Therefore, the receipt of unemployment benefits is pertinent in deciphering a claimant's credibility, but presents no rationale to reject a medical provider's opinion.

The ALJ's sixth reason, that Dr. Labes was influenced by Plaintiff's situation and a desire to help her, is not legally sufficient. An ALJ cannot assume that providers routinely lie in order to help their patients collect disability benefits. *Lester*, 81 F.3d at 832; *see Payton v. Colvin*, 632 Fed. Appx. 326, 327 (9th Cir. 2015) ("The ALJ also speculated that the treating physicians supported Payton's application for benefits out of sympathy or to avoid tension with her. There is no support for this suggestion."); *Samons v. Colvin*, 618 Fed. Appx. 340, 341 (9th Cir. 2015) (The Court found that there was no evidence to support the ALJ's findings that the provider's "diagnoses may have been made 'in an effort to assist a patient

with whom . . . she sympathizes for one reason or another,' or that it was based on an attempt to 'satisfy [her] patient[']s requests and avoid unnecessary doctor/patient tension.'"). The ALJ stated that Dr. Labes reported that Plaintiff was "the only caregiver for her mother and could not be employed." Tr. 30. In the evaluation associated with the August 12, 2013 opinion, Dr. Labes stated "I explained that she is disabled (physical and now also mental, as she is very depressed anxious, discouraged) and as the only caregiver for her mom with end state lung cancer, she cannot be employed, but she needs an income and also health insurance." Tr. 431. While the ALJ cited Dr. Labes' statement in support of his conclusion, reading the evaluation as a whole, there is no evidence that Dr. Labes intentionally misrepresented Plaintiff's impairments or their severity. This is demonstrated by her repeated statements that improvement was possible with treatment: "has a good rehabilitation potential with support, counseling, physical therapy, [and] exercise" and "Donna is an intelligent lady in a very bad situation at his point. With help [and] support for a while she has great potential for rehabilitation." Tr. 420.

In conclusion, the ALJ failed to provide a legally sufficient reason for assigning Dr. Labes' August 12, 2013 opinion "little weight." As such, this case is remanded for additional proceedings for the ALJ to address the opinion on remand.

On January 23, 2015, Dr. Labes completed a second Medical Report form opining that Plaintiff would likely miss four or more days per month if working a forty hour a week schedule. Tr. 474-475. Dr. Labes also stated that Plaintiff could perform sedentary work on a limited basis and was limited to occasional reaching with the right upper extremity and precluded from reaching with the left. Tr. 475. Dr. Labes stated that the limitations were at the indicated severity since a motor vehicle accident in October of 2014. Tr. 476. The ALJ gave little weight to this opinion because the opinion did not indicate the impairments would last twelve months. Tr. 30.

Disability is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505. The ALJ accurately reflected that Dr. Labes' opinion was partially based on a neck muscle strain, which could not be expected to last twelve months. Tr. 30. However, only a part of the opinion was attributed to the neck strain and there are portions of the opinion that match Dr. Labes' early opinion. Considering the ALJ is instructed to readdress Dr. Labes' earlier opinion on remand, he is also instructed to readdress this opinion on remand.

### 2. Dave Atteberry, M.D.

On April 5, 2011, Dr. Atteberry restricted Plaintiff to lifting "no more than 8 to 10 pounds. She may turn her neck, but should not do so in a vigorous manner. She should wear her cervical collar when she is up and when she is in the car." Tr. 374. The ALJ gave this opinion no weight because it "reflect[s] temporary restrictions related to the neck surgery and [was] rendered prior to the alleged disability onset date," and Plaintiff returned to full time work after the opinion was rendered. Tr. 28.

These are all legally sufficient reasons supported by substantial evidence. The opinion was rendered following a surgery on Plaintiff's neck. Tr. 374. Additionally, it was rendered prior to Plaintiff's alleged date of onset, January 4, 2012. S*ee Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."). Additionally, Plaintiff was able to return to work full time following the surgery and her earnings records show that there was little disruption in her income, which exceeded substantial gainful activity for 2011. Tr. 205-206, 421. As such, the ALJ did not err in his treatment of Dr. Atteberry's opinion.
///

### 3. Drew Stevick, M.D

Dr. Stevick, a state agency medical consultant, reviewed Plaintiff's file as of June 4, 2013 and opined that she was able to occasionally carry twenty pounds and frequently carry ten pounds. Tr. 103. He opined that she could stand and/or walk and sit for six out of eight hours. *Id*. He precluded her from climbing ladders, ropes, and scaffolds, but stated that she could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. Tr. 103-104. He also defined her reaching overhead as limited bilaterally. Tr. 104. The ALJ gave this opinion significant weight because it was supported by the medical records. Tr. 29. Considering this opinion was rendered by a non-examining source and this Court is remanding the case to address the opinion of a treating source, the ALJ will also readdress this opinion on remand.

### B. Reaching Overhead

Plaintiff challenges the ALJ's determinations at steps four and five, arguing that the ALJ failed to properly reconcile the differences between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT). ECF No. 14 at 15-17.

During the vocational expert's testimony, the ALJ gave her a hypothetical that limited the individual's bilateral overhead reaching to occasionally. Tr. 77. The vocational expert opined that an individual with that limitation, in addition to the others provided, was capable of performing the occupation of medical secretary, as well as the occupations of furniture rental consultant, storage facility rental clerk, and cashier II. Tr. 77-78. In his opinion, the ALJ noted that the DOT does not distinguish between reaching overhead and reaching in other directions and the DOT lists Plaintiff's past relevant work as a medical secretary as requiring frequent reaching. Tr. 30.

An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony

conflicts with the DOT. *See Massachi v. Astrue*, 486 F.3d 1149, 1152-1153 (9th Cir. 2007). The Ninth Circuit has clarified that the conflict must be "obvious or apparent" to trigger an ALJ's obligation to inquire further. *Gutierrez v.* Colvin, 844 F.3d 804, 808 (9th Cir. 2016). Here, the ALJ did not ask the vocational expert to indicate whether her testimony conflicted with the DOT. Tr. 73-79. Despite this, the ALJ recognized the conflict and attempted to reconcile it in his decision. Tr. 30. Since the case is already being remanded, this Court will not decide whether the conflict was "obvious or apparent" but simply instruct the ALJ to ask the vocational expert regarding conflicts between her testimony and the DOT upon remand.

**C.     Plaintiff's Alleged Symptoms**

Plaintiff contests the ALJ's determination that her alleged symptoms were less than fully credible. ECF No. 14 at 17-20.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

Considering the case is remanded for additional proceedings, the ALJ is instructed to make a new determination regarding Plaintiff's alleged symptoms that is consistent with S.S.R. 16-3p.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate

where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to readdress the opinions of Dr. Labes and Dr. Stevick, to take additional testimony from a vocational expert, and to readdress Plaintiff's credibility. The ALJ will supplement the record with any outstanding evidence and call a medical expert and a vocational expert to testify at a new hearing.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy

to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED September 18, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE